IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RECO WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   18-cv-498-RJD |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Reco Wilson, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center.  More specifically, Plaintiff alleges he was provided delayed and inadequate treatment for a lump on his spine that he initially sought treatment for in 2011.   Plaintiff proceeds in this action on the following claims:

> Count One:   Ritz, Garcia, Butler, Trost, and Moldenhauer were deliberately indifferent to the lump on Plaintiff's back in violation of the Eighth Amendment.
>
> Count Two:   Wexford had policies and/or practices in place to deny Plaintiff needed healthcare for his lump in violation of the Eighth Amendment.

Plaintiff, through counsel, filed a Motion to Compel (Doc. 86) and Motion for Extension of Deadlines in Scheduling and Discovery Order (Doc. 87) that are now before the Court.  For the reasons set forth below, the Motion to Compel is **DENIED** and the Motion for Extension is **GRANTED IN PART AND DENIED IN PART**.

Page **1** of **4**

**Motion to Compel (Doc. 86)**

In his motion to compel, Plaintiff seeks the identity of persons who drafted Wexford's policies, protocols, and procedures for the diagnosis and treatment of a lipoma, cyst, tumor, or mass as requested in his Interrogatory No. 2. Plaintiff explains that Wexford has provided the identity of members of its Medical Advisory Committee for 2015 and 2017, but did not provide the identity of members for 2011, 2012, 2013, 2014, or 2016. Plaintiff asserts that the identity of the members of the Medical Advisory Committee from 2011 to 2017 are relevant insofar as they were involved in drafting policies concerning the treatment of a lipoma, cyst, tumor, or mass. Plaintiff also notes that Wexford provided policies for the years 2011 through 2017.

Wexford asserts Plaintiff's Interrogatory No. 2 is overly broad in time and scope, particularly because Plaintiff was diagnosed with a benign lipoma, but explains that in an effort to accomplish productive discovery, it informed Plaintiff that the Wexford Medical Advisory Committee formulated Wexford's Medical Guidelines that related to the treatment of certain cysts and masses. Wexford ultimately agreed to identify individuals staffing the Medical Advisory Committee in 2015 and 2017. Wexford also asserts it produced its Medical Guidelines pertaining to lipomas, cysts, and masses for the years 2011-2017. In any event, Wexford asserts Plaintiff's request currently before the Court is beyond the scope of the claims set forth in the screening order, which concern Wexford's "policies and/or practices in place to deny Plaintiff needed health care for his lump" and for "preferring conservative treatment options over outside referrals."

In this instance, the Court is guided by Federal Rule of Civil Procedure 26(b)(1). The current language of the Rule provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the

> case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The Supreme Court has cautioned that the requirement under Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery where necessary. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *see also Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 320 (7th Cir. 2003). However, "relevancy" for discovery purposes is construed broadly to encompass matters that bear on, or reasonably could lead to other matters that could bear on, any issue in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). "Relevance is not inherent in any item of evidence, but exists only as a relation between an item of evidence and the matter properly provable in the case." *Miller UK Ltd. v. Caterpillar, Inc.*, 17 F.Supp.3d 711, 722 (N.D. Ill. Jan. 6, 2014) (citation omitted).

Here, Plaintiff has not demonstrated how the identities of members of Wexford's Medical Advisory Committee are relevant to the issues at hand or would further their efforts to prove any particular claim. Plaintiff already has the relevant policies and the issue in this instance is whether the policies and/or practices of Wexford were unconstitutional. In his reply, Plaintiff asserts that the members' identities are relevant to evaluating treatment, suggesting that if Dr. Garcia was on the Medical Advisory Committee in 2011 and was involved in drafting the policies, then his failure to follow the same could be evidence of deliberate indifference. The Court finds this argument misplaced as Dr. Garcia would be in a position to follow the policies regardless of whether or not he was involved in drafting the same. The Court further notes Plaintiff's

contention that he was not provided a definitive diagnosis of lipoma and providers were contemplating various diagnoses. Again, it is not clear how the confusion as to the diagnosis lends itself to a finding of relevancy concerning the identity of committee members who drafted the policies when Plaintiff already has possession of the policies. In any event, given any limited relevancy of the identities of these committee members, the Court finds the discovery sought by Plaintiff is not proportional to the needs of this case.

For these reasons, Plaintiff's Motion to Compel is **DENIED**.

### Motion for Extension of Deadlines in Scheduling and Discovery Order (Doc. 87)

Plaintiff asks that the discovery and dispositive motion deadlines be extended four months to allow Plaintiff time to take the depositions of Dr. Garcia and potentially other Wexford representatives, medical treaters, and witnesses. Defendants oppose the extension.

Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**.

Discovery shall be completed by **July 19, 2021**.

Dispositive motions shall be filed by **August 9, 2021**.

**IT IS SO ORDERED.**

**DATED: June 4, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**